UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN N. POWELL,                )
                               )
            Petitioner,        )
                               )
     v.                        )    Cause No. 3:16-CV-533 MGG
                               )
SUPERINTENDENT,                )
                               )
            Respondent.        )

ORDER AND OPINION

John N. Powell, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 15-05-143) where the Disciplinary Hearing Officer (DHO) found him guilty of making offensive statements in violation of Indiana Department of Correction (IDOC) policy B-246. ECF 1 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.* In his petition, Powell seeks habeas relief on three grounds. Powell did not file a traverse to Respondent's return to the order to show cause. However, four months have passed since Powell's deadline to file a traverse expired. *See* N.D. Ind. L. Cr. R. 47-2. This matter is now fully briefed.

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To

1

satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In Ground One, Powell argues that the Conduct Report should not have been used as evidence against him because it was not sworn under penalty of perjury. ECF 1 at 2. Powell admits that he did not raise Ground One to the Final Reviewing Authority. *Id.* According to Powell, he did not have adequate access to the law library prior to filing his appeal to research the issue in Ground One. *Id.* Respondent contends that Ground One should not be considered because Powell failed to raise the issue during his administrative appeal. ECF 8 at 6.

In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(I)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of *Boerckel* implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Because Powell concedes that he did not present Ground One to the Final Reviewing Authority, it is procedurally defaulted. Nevertheless, 28 U.S.C. § 2254(b)(2) permits courts to deny a petition for habeas corpus on the

2

merits even if the petitioner failed to exhaust his State court remedies. The court does so here.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). While prisoners have a right to be free from arbitrary punishment, they are sufficiently protected from such action where the procedural safeguards in *Wolff* have been satisfied. *McPherson*, 188 F.3d at 787; *Guillen v. Finnan*, 219 F. App'x 579, 582 (7th Cir. 2007). None of the procedural guarantees identified in *Wolff* require that disciplinary charges be sworn under oath. Therefore, Powell did not have a right to a sworn statement against him, and Ground One not a basis for habeas relief.

In Ground Two, Powell argues that there was insufficient evidence to find him guilty. ECF 1 at 2. However, Powell does not argue that, on the whole, there was insufficient evidence. Rather, Powell contrives to first exclude evidence, and then argue that the remaining evidence is insufficient. *Id.* Specifically, Powell points out that in the section of the Report of Disciplinary Hearing titled "Reason for Decision," the DHO wrote only that Powell was guilty "based on [the] DVR" recording of the incident in the cell house. See ECF 8-6. Powell appears to argue that because the DHO did not explicitly list the Conduct Report as a reason for the decision, the court cannot consider the Conduct Report in determining whether the DHO had sufficient evidence to find Powell guilty. ECF 1 at 2. The court does not agree. Powell's argument is based on an incomplete reading of the Report of Disciplinary Hearing. Powell ignores the portion of the report directly above the Reason for Decision, which states: "[t]he following evidence was relied on to reach the decision in this hearing: x Staff Reports … x Physical Evidence (specifically

3

DVR)." ECF 8-6 at 1. As the only staff report in evidence is the Conduct Report, there can be no question that the Conduct Report served as a basis for the DHO's finding of guilt.

The DHO had sufficient evidence on which to find Powell guilty. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson*, 188 F.3d at 786 (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Powell was found guilty of violating IDOC B-246. This offense is defined as:

> Unauthorized possession and/or display of any symbol, paraphernalia, photograph or any other item or behavior which is prohibited by Department of Correction policies, procedures or rules or which is offensive based upon an individual's gender, race, religion, ethnic or personal background or which may intimidate another person based upon their gender, race, religion, ethnic or personal background, such as materials relating to a security threat group.

Adult Disciplinary Process, Appendix I.

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report states that Powell was upset with the reporting officer and began to yell "get the

4

white man." ECF 8-1 at 1. The report states that Powell then tried to convince other prisoners that the officer was racist. *Id.* Powell told these offenders that they "need to get him out…." *Id.* The video recording captures Powell gesturing to the officer and to other inmates. ECF 8-5. Powell can be seen rubbing the skin of his arm and then pointing to the officer. *Id.* The court has reviewed the recording, and it appears to confirm the incident reported in the Conduct Report. The DHO considered the video and the Conduct Report, and determined that Powell was guilty of the charged offense. In light of the evidence, the DHO's determination was not arbitrary or unreasonable. There was sufficient evidence to support the DHO's finding; therefore, Ground Two is denied.

In Ground Three, Powell argues that the description of the disciplinary charge is so vague and ambiguous that he could not defend himself against the charges. ECF 1 at 3. Powell had a due process right to advance written notice of the charges against him pursuant to *Wolff*. Here, this right was satisfied. Powell received a copy of the Conduct Report. ECF 1-1 at 4. The Conduct Report provided Powell with a detailed description of when and where the incident took place, who was present, identified the charge against him, and identified the specific statements forming the basis of the charge. *Id.* This was adequate to "inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. Therefore, Ground Three is denied.

Finally, Powell submitted three letters with the court regarding his case. ECF 13, 15, 16. First, Powell asks to call three witnesses in support of his petition, Superintendent Griffin, Acting Major Richey, and Major Tucker. ECF 13. However, he did not request these witnesses for purposes of his disciplinary hearing, and these witnesses did not give any evidence during the

5

hearing. The time to call witnesses was when he was screened on this charge. "The law of this circuit does not entitle a prisoner to wait until the day of his hearing to request to call witnesses." *Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997). When Powell was screened he asked for two witnesses, prisoners Anthony Piper and Michael Heath. ECF 8-2. The DHO collected evidence from both prisoners. ECF 8-3, 8-4. If Powell had wanted other witnesses he should have named them at that time.

In his second letter, Powell explains that the three witnesses (Griffin, Richey, and Tucker) would testify that they wanted to overturn his discipline, but could not do so because he had been transferred to a different prison. ECF 15 at 1. Assuming for the sake of argument that this is true, it is not a basis for habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). As previously explained, Powell has not demonstrated that he is entitled to habeas corpus relief.

Finally, in his third letter, Powell asks for a copy of the Video Evidence Review. ECF 16. A copy of this document was sent to him by the Respondent in December 2016. *See* ECF 8-5 at 1; ECF 8 at 10. Nevertheless, the clerk is directed to send him another copy of this document (ECF 8-5) with this order.

For the reasons set forth above, the petition (ECF 1) is **DENIED**. The clerk is **DIRECTED** to close this case. The clerk is **DIRECTED** to send Powell a copy of the Video Evidence Review (ECF 8-5).

**SO ORDERED.**

Dated this 18th Day of May, 2017.

S/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge